# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-131V
**(not to be published)**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| LINDA KUZNITZ, | |
| Petitioner, | Filed: September 2, 2020 |
| v. | Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"). |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Theodore Hong*, Maglio Christopher & Toale, Seattle, WA, for Petitioner.
*Althea Davis*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On January 26, 2018, Linda Kuznitz ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she suffered from left shoulder injury related to vaccine administration ("SIRVA") as defined in the Table or in the alternative, her shoulder injury was caused-in-fact or significantly aggravated by the influenza ("flu") vaccination she received on September 15, 2016. *See* Stipulation ¶ 2, 4, dated September 2, 2020 (ECF No. 54); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "that [P]etitioner sustained a SIRVA Table injury, and further denies that [P]etitioner's alleged shoulder injury or any other injury or condition, was caused or significantly aggravated by her receipt of the flu vaccine." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed September 2, 2020 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

1. A lump sum payment of $158.76 representing compensation for satisfaction of the Care 1st Health Plan Arizona Medicaid lien, in the form of a check payable to [P]etitioner and

    Recovery Management Systems, Inc.
    P.O. Box 5850
    Peoria, AZ 85385
    ID No. A91570372
    Re: Care 1st Health Plan Arizona
    Tax Id: 86-0833167

2. A lump sum payment of $434.90 representing compensation for satisfaction of the Health Choice Arizona Medicaid lien, in the form of a check payable jointly to [P]etitioner and

    Recovery Management Systems, Inc.
    P.O. Box 5850
    Peoria, AZ 85385
    ID No. A91570372
    Re: Health Choice Arizona

3. A lump sum of $30,000.00 in the form of a check payable to [P]etitioner.

Stipulation ¶ 8. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| LINDA KUZNITZ, ) | |
| ) | |
| ) | No. 18-131V |
| Petitioner, ) | Special Master |
| v. ) | Katherine E. Oler |
| ) | SPU |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Linda Kuznitz, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.* (the "Vaccine Program"). The petition seeks compensation for injuries related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccination on September 15, 2016.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she sustained a left shoulder injury related to vaccine administration (SIRVA), as defined in the Table and further alleges that she suffered the residual effects of this alleged injury for more than six months. In the alternative, petitioner alleges that her shoulder injury was caused-in-fact or significantly aggravated by the flu vaccine she received.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner sustained a SIRVA Table injury, and further denies that petitioner's alleged shoulder injury or any other injury or condition, was caused or significantly aggravated by her receipt of the flu vaccine.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum payment of $158.76 representing compensation for satisfaction of the Care 1st Health Plan Arizona Medicaid lien, in the form of a check payable jointly to petitioner and

        Recovery Management Systems, Inc.
        P.O. Box 5850
        Peoria, AZ 85385
        ID No. A91570372
        Re: Care 1st Health Plan Arizona
        Tax Id: 86-0833167

    Petitioner agrees to endorse this payment to Recovery Management Systems, Inc.; and

    b. A lump sum payment of $434.90 representing compensation for satisfaction of the Health Choice Arizona Medicaid lien, in the form of a check payable jointly to petitioner and

        Recovery Management Systems, Inc.
        P.O. Box 5850
        Peoria, AZ 85385
        ID No. A91570372
        Re: Health Choice Arizona

    Petitioner agrees to endorse this payment to Recovery Management Systems, Inc.; and

c. A lump sum of $30,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or around September 15, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about January 26, 2018, in the United States Court of Federal Claims as petition No. 18-131V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to develop a shoulder injury or any other injury or condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Linda Kuznitz*
LINDA KUZNITZ

**ATTORNEY OF RECORD FOR PETITIONER:**

*Theodore Hong*
THEODORE HONG, ESQUIRE
Maglio Christopher & Toale, PA
1325 4th Avenue
Suite 1730
Seattle, Washington 98101
(888) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Catharine Reeves by Heather L Pealer*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*CAPT Dale Mishler, for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Althea Walker Davis by Heather L Pealer*
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-0515

Dated: 09/02/2020