# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 22, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * *<br>LINDA KUZNITZ,<br><br>           Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>           Respondent.<br>* * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | UNPUBLISHED<br><br><br>No. 18-131V<br>Special Master Oler<br><br>Attorneys' Fees and Costs |

*Theodore J. Hong*, Maglio, Christopher & Toale, P.A, Seattle, WA, for Petitioner.
*Althea Walker Davis*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 26, 2018, Linda Kuznitz ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program.[2] Pet., ECF No. 1. Petitioner alleges she suffered from left shoulder injury related to vaccine administration ("SIRVA") as defined in the Table or in the alternative, her shoulder injury was caused-in-fact or significantly aggravated by the influenza ("flu") vaccination she received on September 15, 2016. *See* Stipulation ¶ 2, 4, dated September 2, 2020 (ECF No. 54); *see also* Petition. On September 2, 2020, the parties filed a stipulation, which the undersigned adopted as her Decision awarding compensation on the same day. ECF No. 55.

On September 28, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 59 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $33,924.13, representing $32,670.80 in attorneys' fees and $1,253.33 in attorneys' costs. Fees

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

App. at 1. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. ECF No. 59, Ex. 3. Respondent responded to the motion on October 13, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 60. That same day Petitioner filed her reply requesting the undersigned to award the full amount of fees and costs requested.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of final reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   **a.   Reasonable Hourly Rates**

Petitioner requests that her attorney, Mr. Theodore Hong, be compensated at the rate of $323 per hour for work performed in 2020. Petitioner also requests rates for attorneys at Maglio Christopher & Toale between $179 - $420 per hour for work performed form 2017 – 2020, based on attorney and year billed. ECF No. 59, Ex. 1 at 26. Petitioner is also requesting rates for paralegals at rates between $105 - $160 per hour for paralegals, based on paralegal and year billed. These rates are consistent with what Mr. Hong, his fellow attorneys and paralegals have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

   **b.   Reasonable Hours Expended**

2

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable. Accordingly, Petitioner is awarded final attorneys' fees of $32,670.80.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,253.33 in attorneys' costs. Fees App. at 14. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and costs associated with travel for a meeting with Petitioner. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner is therefore awarded final attorneys' costs of $1,253.33.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $33,924.13 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$33,924.13** |
|  |  |
| Attorneys' Costs Requested | $1,253.33 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,253.33** |
|  |  |
| **Total Amount Awarded** | **$33,924.13** |

**Accordingly, the undersigned awards a lump sum in the amount of $33,924.13, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Theodore J. Hong. Petitioner requests the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).